**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

EUGENE P.,[1]                                :     Case No. 3:23-cv-22
                                            :
     Plaintiff,                      :
                                            :     Magistrate Judge Peter B. Silvain, Jr.
                                            :     (by full consent of the parties)
vs.                                         :
                                            :
COMMISSIONER OF THE SOCIAL                  :
SECURITY ADMINISTRATION,                    :
                                            :
     Defendant.                      :

---

### DECISION AND ENTRY

---

This case is before the Court upon Plaintiff's Unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) (Doc. #16) and the Commissioner's Response (Doc. #17).

Plaintiff's Motion seeks an award of attorney fees under 42 U.S.C. § 406(b)(1) in the total amount of $10,348.75. (Doc. #16, *PageID* #887).  In response, the Commissioner "neither supports or opposes counsel's request for attorney's fees …" (Doc. #17, *PageID* #902).

In Social Security cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* U.S.C. §§ 406(b)(1), 1383(d)(2). However, such fees may not exceed 25% of the past-due benefits which the [Plaintiff] receives as a result of the appeal. *Id*. Furthermore, the attorney requesting a fee award must show, and the Court must affirmatively find, that the contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable

---

[1]  The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. See also S.D. Ohio General Rule 22-01.

results in particular cases." *Gisbrecht*, 535 U.S., at 807. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Here, Plaintiff's counsel's itemized statement indicates that she spent a total of 29.75 hours representing Plaintiff before this Court. (Doc. #16-1, *PageID* #891).

Plaintiff's counsel requested a fee of $10,348.75 (Doc. #16, *PageID* #887). Plaintiff indicates that once the fee is divided by the attorney hours, the hypothetical hourly rate is $347.86, a rate lower than other hourly rates awarded to Plaintiff's counsel in other cases. *Id*. at 889.

Plaintiff's counsel did provide her standard hourly rate of $185.00. (Doc. #16, *PageID* #888). Counsel's hypothetical hourly rate of $347.86 is less than twice her standard rate of $185.00, a *per se* reasonable amount. Moreover, the time devoted by Plaintiff's counsel to this

matter is likewise reasonable. *See, e.g., Spiller v. Comm'r of Soc. Sec.*, 940 F.Supp. 2d 647, 652 (S.D. Ohio 2013) (Newman, M.J.), *report and recommendation adopted,* 940 F.Supp. 2d 647 (S.D. Ohio 2013) (Rice, D.J.). Counsel's requested fee is therefore reasonable.

Additionally, the Court previously accepted the parties' stipulation to an award of $5,503.75 in attorney fees to Plaintiff's counsel under the Equal Access to Justice Act (EAJA). (Doc. #15).  The EAJA award, however, was subject to offset in the amount of any debt Plaintiff owed the Government.  (Doc. #15).  Plaintiff's attorney indicated that she received EAJA fees in the total amount of $5,503.75 (Doc. #16, *PageID* #888).  Counsel may not recover attorney fees under both the EAJA and 42 U.S.C. § 406(b) for the same work.  Therefore, Plaintiff's counsel must return to Plaintiff the previously awarded EAJA fees in the amount of $5,503.75.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

### IT IS THEREFORE ORDERED THAT:

1. The Motion for Attorney's Fees filed by Plaintiff's counsel (Doc. 16) is **GRANTED**;

2. Plaintiff's counsel shall be awarded attorney fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $10,348.75;

3. Plaintiff's counsel is ordered to remit $5,503.75 of this sum directly to Plaintiff upon receipt;

4. The remaining funds that the Commissioner has withheld from Plaintiff's past-due benefits in anticipation of a § 406(b) award should be released to Plaintiff; and

5. The case remains terminated on the docket of this Court.

May 4, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge